UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

BRUCE FRIEDRICH, et al.                                                PLAINTIFFS

v.                                                          CIVIL ACTION NO. 3:04CV-741-S

SOUTHEAST CHRISTIAN CHURCH OF JEFFERSON COUNTY, et al.          DEFENDANTS

## MEMORANDUM OPINION

This matter is before the court on motion of the defendant, Southeast Christian Church of Jefferson County, for dismissal of the claims against it pursuant to to Fed.R.Civ.P. 12(b)(6).

When a motion to dismiss is made, the court must take the allegations of the complaint as true and grant dismissal only when it is beyond doubt that the plaintiffs can prove no set of facts entitling them to relief. *Conley v. Gibson*, 355 U.S. 41, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957).

On Christmas Eve, December 24, 2003, the plaintiffs, a group of activists associated with People for Ethical Treatment of Animals ("PETA"), went to the vicinity of 920 Blankenbaker Parkway, the site of Southeast Christian Church, to demonstrate against the alleged abuse of chickens by Kentucky Fried Chicken (KFC), a division of Yum! Brands, Inc. Two of Yum! Brands' executives were believed to be members of the church. The activists hoped that a Christmas Eve protest at the church would encourage the Yum! executives and the Southeast parishioners to seek more humane treatment of chickens by KFC and its suppliers.

Shortly before noon on December 24th, four of the five activists, Alka Chanda, Kyle Hall, Eugene Hall, and Steven Jay Gross, took up a position on the sidewalk on the west side of Blankenbaker Parkway for their demonstration. The fifth member of the group, Bruce Friedrich, went to park the rental car. The four activists were approached by Louisville Metro police officers and told that they could not demonstrate at their chosen location, but had to move across the street

to the east side of Blankenbaker Parkway.  When the plaintiffs said that they believed that they had a right to protest on the west sidewalk, they were told by police that they would be arrested if they did not move to the east side of the roadway.  Chanda, Hall, Hall and Gross complied with the officers' instructions and protested unimpeded by police for the rest of the day.

After parking the rental car, Friedrich returned to the site to discover his compatriots on the east side of the roadway.  After learning that the activists were required to move from their chosen location, Friedrich crossed to the west side of Blankenbaker Parkway.  He was told that he would be arrested if he did not return to the east side of the roadway.  When Friedrich attempted to write down the name and badge number of one of the police officers, he was arrested, handcuffed, and held at the site for in excess of one hour.  Friedrich was cited for disorderly conduct in violation of KRS 525.060 and with blocking a sidewalk in violation of § 94.03 of the Louisville Code.  Upon his release, Friedrich returned to the east side of the roadway and continued the demonstration with the other members of the group.  The charges against Friedrich were later dismissed.

Southeast has moved to dismiss the complaint as to it on the ground that it is not a state actor, and thus cannot be held liable under 42 U.S.C. § 1983 for the civil rights violations alleged in the complaint.  It contends that it did not conspire with Louisville Metro police officers to deprive the plaintiffs of their civil rights, in violation of 42 U.S.C. § 1985.  It further contends that it did it commit any state law torts against them, as alleged in the complaint.  The court agrees.

The plaintiffs urge the court to find that Southeast is a state actor under the so-called public function test.  Under the public function test, "a private party is deemed a state actor if he or she exercised powers traditionally reserved exclusively to the state." *Chapman v. Higbee Company*, 319 F.3d 825, 833 (6th Cir. 2003).

The plaintiffs contend that the case of *United Church of Christ v. Gateway Economic Development Corporation of Greater Cleveland, Inc.*, 383 F.3d 449 (6th Cir. 2004) requires the court to conclude that Southeast should be deemed a state actor.  In that case, the Sixth Circuit Court of

Appeals found that Gateway, the owner and operator of the Gateway Sports Complex, was a state

actor, as it "manag[ed] access to the sidewalks, malls and plazas of the Gateway Complex," 383 F.3d

at 454, and "exclude[d] all persons from using the Gateway Sidewalk or the Commons to solicit,

advertise, or protest." 383 F.3d at 451. There are no such comparable factual allegations in the

complaint before us. At best, it alleges that an off-duty police officer in the employ of Southeast

was involved in the detention of Friedrich and the removal of the activists from the west side of

Blankenbaker Parkway. These allegations fall far short of the management, control, and exclusion

of activities from privately owned and managed sidewalks in downtown Cleveland described in

*Gateway*. In fact, there is a complete absence of any allegation of involvement of Southeast in the

decisionmaking or in the implementation of the decision to move the demonstration across the street.

> The public function test has been interpreted narrowly. Only functions like holding
> elections [citation omitted], exercising eminent domain, [citation omitted], and
> operating a company-owned town [citation omitted], fall under this category of state
> action. Our sister circuits have consistently held that the mere fact that the
> performance of private security functions may entail the investigation of a crime
> does not transform the actions of a private security officer into state action. [citations
> omitted].

*Chapman*, 319 F.3d at 833-34; *see also, Gateway*, 383 F.3d at 454. The court concludes that the

complaint does not sufficiently allege Southeast to be a state actor under the public function test.

The plaintiffs also contend that Southeast was sufficiently involved and conspired with the

Louisville Metro police officers to deprive them of their civil rights. Qualified immunity has been

raised as an affirmative defense by the officers with whom Southeast is alleged to have conspired.

In order to survive a motion to dismiss for failure to state a claim under Fed.R.Civ.P.

12(b)(6), the plaintiffs must "...' "put forward specific, nonconclusory factual allegations" that

establish improper motive causing cognizable injury in order to survive a prediscovery motion for

dismissal or summary judgment.' *Id.* at 598, 118 S.Ct. 1584 (quoting *Siegert v. Gilley*, 500 U.S. 226,

236, 111 S.Ct. 1789, 114 L.Ed.2d 277 (1991)(Kennedy, J., concurring))." *Goad v. Mitchell*, 297

F.3d 497, 504 (6th Cir. 2002). There must be a showing of joint activity. Southeast must be alleged

to have encouraged the specific incident of misconduct or in some other way directly participated in it.  A civil rights claim cannot be based upon a theory of *respondeat superior*. *Taylor v. Michigan Department of Corrections*, 69 F.3d 76 (6th Cir. 76, 81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416 (6th Cir. 1984).  The complaint alleges that the police told the activists that Southeast did not want them on the sidewalk in front of the church.  The complaint also alleges that the off-duty officer, Johnson, placed a call for police assistance at Southeast.  It has been held, however, that "merely complaining to the police does not convert a private party into a state actor. [citations omitted]."  *Collins v. Womancare*, 878 F.2d 1145, 1155 (9th Cir. 1989).

The plaintiffs liken their case to that of *Chapman*, *supra*., in which an off-duty sheriff's deputy working as a Dillard's security officer stopped and strip searched a suspected shoplifter, in accordance with the Dillard's store's policies and procedures.  The Sixth Circuit Court of Appeals stated that "[u]nder the symbiotic or nexus test, a section 1983 claimant must demonstrate that there is a sufficiently close nexus between the government and the private party's conduct so that the conduct may be fairly attributed to the state itself.  *See*, *Wolotsky*, 960 F.2d at 1335; *see also, Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n.*, 531 U.S. 288, 295, 121 S.Ct. 924, 148 L.Ed.2d 807 (2001)(noting that a challenged activity may be state action 'when it is entwined with governmental policies or when government is entwined in [its] management or control')."  *Chapman*, 319 F.3d at 834.  In finding state action under the nexus test, the court stated

> Because Dillard's policy *mandates* police intervention in strip search situations, a reasonable jury could very well find that the initiation of a strip search by an armed, uniformed sheriff's deputy constituted an act that may fairly be attributed to the state.

*Chapman*, 319 F.3d at 835 (emphasis in original).

The allegations of the complaint fail to satisfy the requirement of specific allegations of Southeast's involvement in the acts of detaining Friedrich or moving the demonstration.  The plaintiffs have not alleged the requisite factual nexus to hold Southeast liable as a state actor.  Further, there is no allegation that Southeast intended a deprivation of the activists' civil rights in

- 5 -

expressing its displeasure at the presence of demonstrators on the west sidewalk on Christmas Eve while parishioners were attempting to traverse the grounds to attend church services. The court concludes that the plaintiffs have failed to state a claim against Southeast under 42 U.S.C. § 1983 or § 1985.[1]

The state law claims of negligence, assault and battery, false imprisonment, malicious prosecution, and the claim for punitive damages are completely unsupported as against Southeast. There are no allegations that Southeast had any involvement the arrest or threatened arrest of any of the demonstrators. Similarly, Southeast is not alleged to have had any involvement with the detention or prosecution of Friedrich. *See, ie. Collins*, 878 F.2d at 1155 (*citing, Carey*, 823 F.2d at 1404 ( Carey presented no evidence from which court could infer a "prearranged plan, customary procedure, or policy that substituted the judgment of a private party for that of the police," *et al.*)

For the reasons stated herein, the motion of Southeast to dismiss the complaint as against it will be granted. A separate order will be entered this date in accordance with this opinion.

**IT IS SO ORDERED**.

---

[1]We also note that the plaintiffs' reliance upon *Cameron v. Brock*, 473 F.2d 608, 610 (6th Cir. 1973) for its conclusion that a § 1985 claim need not be based upon racial, religious, or ethnic discrimination has been rendered suspect by *Warner v. Greenebaum, Doll & McDonald*, 104 Fed. Appx. 493 (6th Cir. 2004).