UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

BRUCE FRIEDRICH, et al.                                                               PLAINTIFFS

v.                                                     CIVIL ACTION NO. 3:04CV-741-S

SOUTHEAST CHRISTIAN CHURCH OF JEFFERSON COUNTY, et al.      DEFENDANTS

### MEMORANDUM OPINION

This matter is before the court for consideration of two motions. The plaintiffs, Bruce Friedrich, et al., have moved for an order permitting them to file a first amended complaint. (DN 19). The defendant, Southeast Christian Church of Jefferson County, has moved to dismiss the first amended complaint as to it. (DN 25).

### I.

At the time of the filing of the motion for leave to amend, Southeast had not answered the complaint. Southeast has assumed, therefore, that the first amended complaint was filed as a matter of right as to it, pursuant to Fed.R.Civ.P. 15(a). It has now moved to dismiss the amended complaint for failure to state a claim upon which relief may be granted. (DN 25).

The sequence of filings in this action has resulted in a procedural conundrum for the court. A motion to dismiss was filed by Southeast early in the case in lieu of answering the complaint. The motion was pending for some time. The plaintiffs filed their motion for leave to amend while the court had the dismissal motion under submission, and only a few days prior to entry of the court's ruling. Thus, the court ruled on the dismissal motion before the plaintiffs' motion to amend was timely for the court's consideration. The motion to dismiss was considered in the ordinary course, and a decision was rendered dismissing Southeast from the action.

- 2 -

The plaintiffs did not file a first amended complaint with the court.  Rather the plaintiffs tendered a first amended complaint with a motion seeking leave to file it.  In their motion to amend, the plaintiffs stated that they did not need leave of court to file as to Southeast, but required leave as to the other defendants.  Be that as it may, the first amended complaint was tendered rather than filed in the case.  The complaint was dismissed as to Southeast.  The amended complaint is as yet unfiled, as the court is presently considering the motion to amend.  (DN 19).

This procedural posture results from the fact that the motion to amend had not been responded to, as the time for filing a response under the local rules had not expired.  The motion was therefore not submitted to the court for decision when the court issued its ruling dismissing Southeast.  The court would have considered the effect of the amendments to the complaint had they been before the court.  In light of this timing incongruity, the court will suspend the dismissal of Southeast and will consider on the merits the impact, if any, of the amendments to the complaint as they may relate to the claims against Southeast.

Upon review of the allegations of the first amended complaint, the court concludes that the additional allegations do not remedy the deficiencies found by the court in its earlier memorandum opinion (DN 22).  The court found that there were no allegations that Southeast had involvement in the decisionmaking or implementation of the decision to move the demonstrators across the street on December 24, 2003.  The same analysis holds true for the incident allegedly occurring on February 6, 2005.

There was no showing of joint activity whereby Southeast encouraged the alleged misconduct or in some other way directly participated in it on December 24, 2003.  Allegations of acting "jointly and in concert" notwithstanding, neither are there factual allegations upon which to base such a claim of conspiracy with respect to the 2005 incident.

As noted in the court's earlier opinion, it is not enough that Southeast did not want demonstrators on the sidewalk adjacent to the church, that it told law enforcement officers so, or that

the officers determined to act to remove the demonstrators. In accordance with the caselaw and analysis contained in the court's September 22, 2005 memorandum opinion (DN 22) and for the additional reasons articulated herein, the motion of Southeast to dismiss the first amended complaint will be granted.

## II.

The defendants, Louisville Metro Government, Darren Utsey, Herman Harris, Melissa Mottley and Eric Johnson (hereinafter the "law enforcement defendants," for purposes of this opinion), filed answers to the original complaint, then moved to dismiss it as to them. While the court was considering their motions, the plaintiffs filed the currently pending motion for leave to file an amended complaint. (DN 19). As the motion for leave to amend was filed only a few days prior to the court's rulings, it had not yet been submitted to the court. The court ruled on the motions to dismiss, granting in part and denying in part the requested relief.

The law enforcement defendants have objected to the motion for leave to amend on the ground that the plaintiffs are seeking to improperly add two non-party plaintiffs with unrelated claims into this case. (DN 24). The proposed plaintiffs, Eric Deardorff and Joe Hinkle, seek to assert claims against a non-party defendant, Officer Victor Baker, for purported conduct in an incident which allegedly occurred over one year after the incident giving rise to this action. The defendants contend that Fed.R.Civ.P. 15(a) and 18 do not permit the addition of such unrelated claims and parties.

To the extent that the proposed first amended complaint would add Deardorff and Hinkle's claims as against the law enforcement defendants, the requested amendment is improper. The plaintiffs cite no authority for the proposition that new plaintiffs may be added through Fed.R.Civ.P. 15(a) and 18 to join such unrelated causes of action. The claims of Deardorff and Hinkle arose over a year after the claims of the original plaintiffs. The claims relate to the purported actions of a police officer who had no involvement with the 2003 incident which is the subject of the claims against the

- 4 -

law enforcement defendants. The tendered amended complaint states that the law enforcement plaintiffs are working for Louisville Metro Police 8th Division while Officer Baker is assigned to Louisville Metro Police Headquarters. It appears clear to this court that the tendered claims of the proposed new plaintiffs bear no relationship to the original action and should not be grafted onto the original cause of action by amendment.

The plaintiffs attempt to tie together these unrelated claims and parties under Fed.R.Civ.P. 20(a) as claims "arising out of the same transaction, occurrence, or series of transactions or occurrences and [having] any question of law or fact common to all parties [that] will arise in the action."

As an initial matter, we note that Fed.R.Civ.P. 20(a) was raised for the first time in the plaintiffs' reply brief. However, "[t]he Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *United State v. Hougham*, 364 U.S. 310, 81 S.Ct. 13, 5 L.Ed.2d 8 (1960), *quoting, Conley v. Gibson*, 355 U.S. 41, 48, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957). We will therefore consider the merits of the plaintiffs' argument.

The plaintiffs contend that the 2003 incident upon which the complaint was based and the 2005 incident which is sought to be added by way of amendment should be considered a "series of transactions or occurrences... in light of the municipal liability claim." Reply Brief, pg. 3. The plaintiffs have not shown that the two alleged incidents bear any factual relation or similarity to one another beyond the fact that the plaintiffs were PETA protestors and chose to protest in front of Southeast. There are numerous factual dissimilarities between the incidents, not the least of which are that the alleged incidents occurred over a year apart and officers from different divisions were allegedly involved. The generalized statement that the incidents constitutes a "series" cannot,

without more, justify joining claims of unrelated plaintiffs and defendants under a catch-all assertion of "municipal liability."

The plaintiffs attempt to turn the analysis on its head by stating that "the violation of constitutional rights on an individual level was the product of systemic indifference by Louisville Metro," and therefore the parties and claims should be joined. Reply Brief, pg. 3. The cases cited by the plaintiffs for this proposition are inapposite. *Mosley v. General Motors Corporation*, 497 F.2d 1330 (8th Cir. 1974) involved allegations of a "company-wide policy designed to discriminate against blacks." *Reinholdson v. Minnesota*, 346 F.3d 847 (8th Cir. 2003) involved allegations of systemic problems in administration procedures for implementing education plans for students with disabilities. By contrast, the plaintiffs here allege "systemic indifference," an assertion that officers violated the plaintiffs' constitutional rights and Louisville Metro did nothing about it. "A motion to amend under Rule 15(a), as is true of motions generally, is subject to the requirements of Rule 7(b), and must set forth with particularity the relief or order requested and the grounds supporting the application." 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure*,§ 1485 (2d ed. 1990). The motion for leave to file an amended complaint as to the law enforcement defendants will be denied. The motion to dismiss the first amended complaint as to Southeast will be granted. A separate order will be entered this date in accordance with this opinion.